UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Harrell Williams, #299769, | ) | C/A No. 8:12-3500-MGL-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| L. Gibson, Ofc # 021137, Kirkland Correctional Institution, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Petitioner, a state inmate housed at Allendale Correctional Institution, proceeding pro se, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (DSC), this matter is before the assigned United States Magistrate Judge for initial screening. Having reviewed the Complaint and applicable law, the undersigned recommends that the Complaint be summarily dismissed.

## BACKGROUND

According to the Complaint, while being held at the Kirkland Reception and Evaluation Center, on July 11, 2012, Plaintiff was "grabbed . . . forcefully" by Defendant after mumbling under his breath as he walked away from her. [Doc. 1 at 3.] Plaintiff asked Defendant not to put her hands on him anymore. Defendant then asked Plaintiff to turn around, she cuffed him, and she escorted him to the dorm.

Plaintiff characterizes this incident as an "unlawful[] assault" in violation of his constitutional right to be free from "cruel and unusual punishment." [*Id.*] Plaintiff further alleges that his Fifth and Fourteenth Amendment rights have been violated. He asks for

restoration of his "good time" and work credits which were taken away at the subsequent disciplinary proceeding, and for monetary damages.

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

2

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage."  *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted) (last alteration in original).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments.  This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted).  Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed."  *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001).  Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"  *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).  State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the

3

State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

## DISCUSSION

**Eleventh Amendment Immunity**

To the extent Plaintiff brings this suit against Defendant in her official capacity, Defendant is entitled to immunity pursuant to the Eleventh Amendment from Plaintiff's claims for monetary damages. The Eleventh Amendment prohibits federal courts from entertaining an action against a state. *See, e.g.*, *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (citations omitted); *Hans v. Louisiana*, 134 U.S. 1, 10–11 (1890). Further, Eleventh Amendment immunity "extends to 'arm[s] of the State,' including state agencies and state officers acting in their official capacity," *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (alteration in original) (internal citations omitted), because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [and] is no different from a suit against the State itself," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted). Therefore, Eleventh Amendment immunity protects state agencies and state officials sued in their official capacity from liability for monetary damages under 42 U.S.C.

4

§ 1983.  *Id.*  As a result, to the extent Plaintiff has alleged a claim for monetary damages against Defendant in her official capacity, those claims should be dismissed because Defendant in her official capacity is entitled to immunity pursuant to the Eleventh Amendment.

**Excessive Force Claim**

The use of excessive force upon an inmate by correctional officers violates the Eighth Amendment's prohibition against cruel and unusual punishment.  *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).  To state an excessive force claim, an inmate must show (1) that the correctional officers acted with a sufficiently culpable state of mind, and (2) that the harm inflicted on the inmate was sufficiently serious.  *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996).

Plaintiff must satisfy both elements of the *Williams* test, and his claim clearly fails on the second, "objective" element.  To satisfy the objective element of a conditions claim, "[a]ll that is necessary is proof of more than de minimis pain or injury."  *Williams*, 77 F.3d at 761 (citing *Hudson*, 503 U.S. at 8–9).  Although Plaintiff is not required to show he suffered more than a de minimis injury to maintain his excessive force claim, the "absence of [a] serious injury" nevertheless remains relevant in an Eighth Amendment inquiry.  *Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (stating the extent of injury may provide some indication of the amount of force applied and that "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim" (citations omitted)).

5

Although Defendant may indeed have used force against Plaintiff when she grabbed him, Plaintiff gives no indication that he suffered "more than de minimis pain or injury." He does not allege that he required or sought medical care after, or even that he suffered any pain during, the incident. Thus, there is no evidence before the Court sufficient to give rise to a genuine issue of fact as to whether Plaintiff suffered a significant, or any, injury. *Cf. Hudson*, 503 U.S. at 9 ("That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action.") (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

**Habeas Corpus**

To the extent that Plaintiff wishes to have his credits restored, such a claim cannot be heard in a § 1983 action. Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a state conviction and sentence is through a motion pursuant to 28 U.S.C. § 2254, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See Clemmons v. South Carolina*, No. 0:08-607-RBH, 2008 WL 2845636, at *1 (D.S.C. July 18, 2008) ("Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers."). *But see Freeman v. Pate*, 9:11-cv-01421-DCN-BM, 2011 WL 3420451,

at *2 n.3 (D.S.C. July 19, 2011).[1]  If Plaintiff wishes to challenge the fact or duration of his

confinement, he must file a habeas action.

Not until Plaintiff prevails in such a habeas action could he recover monetary

damages in connection therewith.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United

States Supreme Court held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court
> must consider whether a judgment in favor of the plaintiff would necessarily
> imply the invalidity of his conviction or sentence; if it would, the complaint
> must be dismissed unless the plaintiff can demonstrate that the conviction
> or sentence has already been invalidated.

*Id.* at 487; *see also Poston v. Shappert*, No. 06-8052, 2007 WL 1031695 (4th Cir.

March 30, 2007) (holding claims brought pursuant to § 1983 challenging underlying

criminal conviction are barred by *Heck*).  Subsequently, the Court held that the holding in

*Heck* is equally applicable to § 1983 actions for declaratory and monetary relief based on

---

[1]    In *Freeman v. Pate*, the Court noted:

> Circuit courts are split on whether 28 U.S.C. § 2241 or 28 U.S.C. § 2254 is
> the proper statute under which a state inmate should proceed when
> challenging the execution of a state sentence.  The majority view is that
> § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner
> in custody pursuant to a state court judgment, even when the petitioner is not
> challenging his underlying conviction.  *See White v. Lambert*, 370 F.3d 1002,
> 1005 (9th Cir. 2004), (overruled on other grounds by *Hayward v. Marshall*,
> 603 F.3d 546, 553 (9th Cir. 2010)).  The Fourth Circuit noted the split of
> authority in *Gregory v. Coleman*, No. 06-6646, 2007 WL 570522 (4th Cir.
> Feb. 20, 2007).  However, it does not appear that the Fourth Circuit has
> taken a definitive stance on the issue to date.  *See also Meeks v. McKoy*,
> No. 09-6208, 2010 WL 1050047 (4th Cir. March 23, 2010) (holding that
> § 2254's one year statute of limitations applied to petitioner's challenge of his
> disciplinary conviction in state habeas action filed originally on a § 2254
> petition).

2011 WL 3420451, at *2 n.3

claims that necessarily imply the invalidity of an internal prison disciplinary conviction and sanction affecting the length of an inmate's sentence. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Thus, *Heck* bars a prisoner's claim for damages under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged. Because Plaintiff has not yet challenged the validity of his disciplinary sanctions, this Court could not reward either monetary or declaratory relief.

## **RECOMMENDATION**

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed without prejudice.


January 2, 2013                              s/Jacquelyn D. Austin
Greenville, South Carolina              United States Magistrate Judge


*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina  29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).