IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Harrell Williams, #299769, | ) | Civil Action No.: 8:12-3500-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| L. Gibson, Ofc #021137, Kirkland | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Harrell Williams ("Plaintiff"), proceeding, *pro se*, is a state inmate housed at Allendale Correctional Institution. On December 13, 2012, Plaintiff, filed this civil action against Officer L. Gibson ("Defendant"), Kirkland Correctional Institution, pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. On January 2, 2013, Magistrate Judge Austin issued a Report and Recommendation ("Report") recommending *inter alia* that the court dismiss Plaintiff's complaint without prejudice and service of process as Plaintiff has to challenge the validity of his disciplinary sanctions before this Court can award monetary or declaratory relief . (ECF No. 10 at 8.) The Report sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein without a recitation

The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the Court retains the responsibility for making a final determination. *Mathews v. Weber*, 423 U.S. 261, 269, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of

the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b)(1).

Plaintiff timely filed objections to the Magistrate Judge's Report. (*Id.*) In his objections Plaintiff claims he is entitled to the damages requested in the complaint and an "Additional Million Dollars for interest payable by law." *Id.* Also in his objections, Plaintiff "recommends that this Court enter Default against the United States District Court for failure to commence service of process in accordance with 28 U.S.C. § 1915(d) and Federal Rules of Civil Procedure 4(c)(3)." (Id.) The Court finds that Plaintiff's objections are non-specific and are unrelated to the dispositive portions of the Magistrate Judge's. Thus, Plaintiff's objections have no merit.

In the Report, the Magistrate Judge found that to the extent Plaintiff brings this suit against the Defendant in her official capacity, Defendant is entitled to Eleventh Amendment immunity from Plaintiff's claims of monetary damages. Next, the Magistrate Judge found that Plaintiff had failed to state a valid claim for excessive force. Finally, the Magistrate determined that Plaintiff's claims for restoration of his "good time" credits can not be heard in a § 1983 action. The Magistrate Judge indicated that habeas corpus proceedings are the proper mechanism for prisoners to challenge the legality or duration of their custody. The Court agrees with the Magistrate Judge's conclusions.

After a thorough review of the Magistrate Judge's Report, the applicable law, and the record in this case, the Court accepts the Magistrate Judge's Report. Accordingly, the Report is incorporated herein by reference, and the instant action is DISMISSED without

prejudice and without service of process.

      IT IS SO ORDERED.

                                    /s/ Mary G. Lewis  
                                    United States District Judge

February 15, 2013  
Spartanburg, South Carolina